you I Just I just don't like  Yeah Okay Okay, very sorry we're Conferring on a number of matters Miss Thank you In this case we have had an opportunity to review the briefs and We we have considered and will continue to consider the merits of the underlying claims We do have an interest in this case on the procedural issue So if you would be good enough to focus on that that would help us quite a bit Certainly your honor Pamela cook is counsel for the plaintiffs in this case And I'm happy to address that if that's what the court is interested in We think that this appeal is timely there is no case on point of this court But there's much guidance from the other courts of appeal. How about bowls? Let's let's let's crush the big peanut balls Is does that apply here this is not a statute it's a court rule It's been interpreted to be a very strictly enforced nevertheless Should we call this jurisdictional that the Supreme Court say we can't do that. Does it have to be a statute? Let's let's let's meet that head-on first I think bowls makes clear what the Supreme Court began to lay out neighbor hearts that there's a distinction between Claims-processing rules and matters of jurisdiction and that the dispositive question is whether Congress acted by statute because only Congress has the authority to expand the jurisdiction of the federal courts And I want to draw the court's attention to so you think bowls does not apply here. This is just a claims-processing rule Yes, yes, that's correct, but there are cases that have said it's very strictly applied. There's case law to that effect The cases have said and I want to make clear that our position is the issue of The timeliness of the motion before the district court Sure, we are not arguing for some expansion of the 10-day period under rule 23 F But with respect to the motion for reconsideration the timeliness of that Motion is a claims-processing rule. The defendant was required to raise that objection in the district court and there's absolutely no Record anywhere that they raised the issue before the district judge. The letter on scheduling is silent There's nothing in their motion for reconsideration Opposition it was never raised until we got to this court and our position is it's waived But let me just get one step back on that. Sure. Do you agree given the strict interpretation? We might write on this. I don't know Given the strict interpretation of 23 F should we let let's let's assume you've timely file a motion to reconsider Should that toll? Should totally be allowed as a matter of common sense and principle Absolutely, your honor the other only other courts of appeal to consider this question have all ruled that the traditional notions of No reason to construe this any differently than any other Time limit on appeal the whole case is done with a timely file motion for reconsideration, right? We agree that there's a requirement that the motion to toll be timely file We believe our motion is timely as we've said because we think any objective timeliness has been waived. What if it's jurisdiction? If the Time-limit is jurisdictional then then we may be untimely unless The court considers that the motion was engaged within the 10-day period that but you know, it was not I'm sorry, you know, it was not when you say engaged So you mean of the letter that asked for an extension all parties were on notice of the plaintiff's intent to seek reconsideration we were already proceeding with the district judge and with the consent of all parties within a couple of days the filing of the the docketing of the class certification order The rules clearly provide that the motion for reconsideration shall be filed within 10 days of the entry of an order It's not right. That's correct. And that was not done We did not have a motion for consideration on file Counsel's agreement can extend an explicit 10-day period Is it not one of the rules that cannot be whose time period cannot be extended? You're referring to the the prohibition in rule 6b That's that is correct. That is what rule 6b says but under Bowles and Eberhardt that is a claims processing rule It was required to be raised in the district court We think that the Sixth Circuit's ruling in national ecological which confronted the factually identical Situation and which concluded that the motion for reconsideration was timely and the time limit was told we think the exact Considerations apply here, you know that court said how do you read? How do you read? I mean you you wanted you suggested language dealing with the appeal with what happened here your adversary said no I'm not going to agree to that. Is that enough? They didn't raise it to the court. They didn't put anything in the record of the district court They did not give this court an opportunity to correct the issue in the first instance They've raised it for the first time on appeal the affidavit that you have was was never filed in the district court It was only brought to this court and the the letter is is silent. They did not lodge a formal objection in any way and the most they can say is that they You know didn't agree with some language that we wanted to put in a letter on scheduling. That's not That's not how you preserve an objection you feel a district judge would have the power to extend that 10-day limit I'm not sure under a strict reading rule 6p that the judge does have that power your honor so then if he doesn't have the power wouldn't you have had to have filed the motion within the 10-day period and isn't that letter really Not really a motion. I Think that That if a strict reading is that we would have needed to file that motion, but we believe that Nevertheless this court should determine the motion was timely filed because it's a claims processing unique circumstances. What are you basing? We are not basing our position on unique circumstances We're basing it on the distinction in Eberhardt and Bowles between claims processing rules which are matters of the efficient administration of the lower courts and Where their application must be raised and contested by the party opposing at the time and that was not done here they're not jurisdictional and so they They can be waived and they were waived here The judge's error in accepting the filing out of time and in deciding it when he decided it doesn't to help you at all Does it? I'm sorry. I'm just mistake I mean it 10 days is 10 days for the judge accepted the filing of the motion well beyond the 10-day May not have had the authority to issue to Consider the late filing, but we believe that any objective that has been has been waived. That's our position. Yes, that's correct Did they concur in the filing of the motion? Yes, it was a consent motion. They also got additional time Everybody agreed with the schedule before the district court They they never said a word basically the district judge that were concerned This is being filed at a time They could have dropped a footnote even and they're in their opposition to reconsideration that says we object It should be dismissed because it's filed out of time That consent did not extend to your filing a petition to appeal That's correct, but we don't believe it needs to once they consented to the motion once it's timely filed Or once their objection to its timely filing has been waived We think we're entitled to use it to toll the time limit and we promptly Proceeded in this court within the 10 days of the denial of reconsideration as we're required to enter rule 23 F This is really identical to the facts at issue in national ecological which concerned a motion for reconsideration That was filed beyond 10 days where the other party did not object to the untimeliness in the lower court and the Sixth Circuit ruled that That the appeal based on the denial of reconsideration was nevertheless timely I Have loved to address another questions you have I know my time is short So I want to make sure that I addressed your questions on the merits as well. I Have a question on the merits You know, I just I just was curious from a standpoint of policy and I think you answered it You know, if you look at rule 4a 1a The filing of a motion tolls regular appeals, but there's no similar provision in 23 F So you you agree, I mean there is They did contemplate here that the reason we have this rule The special rule is this is supposed to move along in an expedited fashion. Isn't that really the idea? That's correct But there's other policy considerations for why we have 23 F appeals and one of them is to make sure That there's an opportunity for the appellate courts to engage in their error correction function and the development of the law Without having to wait for cases that are often extremely lengthy to proceed all the way through to final judgment to have an opportunity to come in in an interlocutory posture and and so there there's a Balancing of the different policy considerations here and if we did get to the merits, it's basic I don't know that at this point. We're asked to do that. But it's it's still we have a lot of discretion It's almost like a cert appeal isn't it to the Supreme Court? That's correct Do you Newton is clear that you have a lot of discretion in what in what appeals that you would hear? That's correct All right Well, you have you have about two minutes it judge Walls Stated he you did not point to an explicit policy on the part of Johnson and Johnson that resulted in in pay and promotion Discrimination is I'm not sure why the district judge said we didn't point to any policy of Johnson Johnson The judge was very focused on whether we had put on evidence about the details of implementation of the policy of the operating companies I want to make clear that we identified the company's standardized compensation guidelines that were issued every year by the corporate entity that by their terms require the exercise of managerial discretion that they By their terms of their worldwide policy manual applied to all their their domestic employees We identified what their own HR diversity task force called no system for promotion It happens by who you know that there was a widespread and consistent problem of the exercise of discretion of subjective decision-making at this company we Identified that as the at the corporate level as policy that we targeted the district court determined essentially that that was insufficient as a matter of law with the vast statistical record that we presented with our position that that this the decision-making Was the mechanism for discrimination that the very preliminary stage of whether we satisfy rule 23 a commonality The district judge said that's not enough. We think that really departs from this court Position in green from this course course decision in Chang from the second the ninth and the fifth Circus decisions in this area It's just out of step and and we think that's not appropriate Good, it's cool guys. Thank you very much I Usually know the name of counsel next to the parties, but this is one time I didn't feel it's necessary to do so No relation your honor I'd like to may it please the court. I'd like to cover three points in the time. I have Let me begin with the procedural issue, which the court has raised First of all as judge Sakaris has pointed out The plaintiffs made a request for an extension of time to file a motion for reconsideration They tendered and I put this in an affidavit to this court they tendered a draft letter to me to give to Judge Walls And the original draft and this is set forth in the record in the appendix the original draft said the parties have reached an agreement Which is entered into without prejudice to plaintiffs right to seek leave of court to appeal the order of December 22006 and as I specified in my affidavit, I told opposing counsel. I will not agree to that I don't agree that you're doing this thereby you're preserving your right to file a 23-f petition So the lead that actually in the judge wall said plaintiffs understand that this extension is sought and may be granted without prejudice Now I didn't waive it I couldn't have waived it because the issue of the timeliness of a 23-f petition was not before the district court at any point in time In theory, the plaintiffs could have at some point in that 10-day period At the point at which they were on notice to me that I'm not Accepting their argument about preserving the right to appeal to go ahead and file that petition within the 10-day period So the record here unlike National Ecological Demonstrates that we did not waive The timeliness of the 23-f petition in fact They were on notice that I was not prepared to agree to that and it was not something that was put with the district Court when the district court granted the extension of time Judge Walls did not address Plaintiffs so-called understanding in his letter. He was silent on the issue So it's not as if the plaintiffs can claim they were somehow misled by the district court into believing they had the extension May I ask you as a matter of policy Is this jurisdictional 23-f under Bowles? Well, I think what Bowles makes clear Bowles I think does a good job of clarifying what jurisdictional should mean to an appellate court and what Bowles said is that Congress gives the federal appellate courts jurisdiction through statutes Right and so I am not standing here in light of Bowles telling you that this is jurisdictional in the sense that the Supreme Court was referring to in Bowles what I am saying and what we said in our brief is that this court Obviously respectfully is required to follow the federal rules And so to the extent the Supreme Court and all the federal courts are constrained by Congress This court has to follow the federal rules and unless the Supreme Court through approval of the federal appellate rules or rules of civil procedure approves a practice or in case law approves the practice This court does not have the authority and that was the word the court used to me in asking us what to address This court does not have the authority to extend the time to make a 23-f petition this Application would be impossible to square with rule 26b. How about a timely motion to reconsider? Should we allow tolling then? Well, as you know, this circuit has never ruled that a timely filed motion for reconsideration That's why I'm asking I sense we're going to have to deal with this and this might be precedential I don't know how my brother judges feel But my view your honor is but first of all rule rule 23 up does not have the internal Tolling mechanism that rule for does so You assume that this circuit would do that at your peril because the circuits never said a motion reconsideration tolls in the world You don't have to reach that question your honor because this motion was not timely filed What the courts mean when they say timely filed is filed within the time to appeal They don't mean Timely in the sense of what a district courts local rules For motions for reconsideration provide because they differ from letters insufficient. You're saying that was filed That's obviously not a motion to reconsider. That's not a motion There's that no court has ever held that a motion requesting an extension of time is in fact the motion How about the policy of wanting to give the district judge an opportunity to reconsider before? We we see this matter up here, that's a that's an that's another policy that we have to look at isn't it well That policy is spelled out explicitly With respect to rule for appeals from a final judgment a rule 23f petition, which is interlocutory in nature The courts say is generally disfavored Is an inefficient way to go about litigating and there is nothing to preclude the district court from reconsidering its decision while the 23f petition is pending a 23f petition does not divest the district court of jurisdiction and 23f petitions are generally disfavored. So one has to presume that life in the district court is going to go on And this court may or may not decide to hear the interlocutory appeal If I could say one thing on the merits your honor Before you get to the merits, you know, the policy implications driving the 10-day rule why Is it only 10 days to file a motion as the as the 11th circuit said in the Jenkins case decided in August You know an interlocutory appeal is an open window and it opens for 10 days and it closes quickly and The district court does not even have the authority to reopen it once the 10 days is expired in that case The district court tried to vacate the decision. Why 10 days? Because it's interlocutory in nature It it basically diverts the attention of the parties in the middle of the case while the appellate court considers the case we've been at this case now for six years and Individual claims of the three plaintiffs. This has always been a case involving three people And so we're anxious to proceed with that now that judge Walls is denied The the class certain once final judgment enters they have their appeal from everything that happened up until that point so what the courts and the Advisory committee notes say is that interlocutory appeals are generally disfavored this process didn't exist before in 1998 And it's the exception and not the rule if we were to allow tolling is there anything we could do To prevent this from becoming a drag that long drawn-out process. Yeah, I Get the sense that part of the reason for the 10-day limit is this the idea that this should move along Quickly without undue delay I'm a little concerned even in this case with the time it took quite frankly Is there something if we allow tolling with the timely filed motion to reconsider is there something we could do to see to it that the Motion doesn't languish for a year or six months or something like that Or is that just a risk that we're going we would have to be well I I think your honor response to your question what you could do is issue a published decision that says that This particular petition is untimely We leave open the question of whether a timely filed motion for reconsideration totals the time for a 23 F petition so future litigants you can try that And we may or may not go along with the other circuits, and we're not saying no to that and that certainly puts Litigants on notice that they proceed at their peril I can safely tell you That when I'm dealing with an appellate right and an appellate clock I do whatever I can to preserve My time even if it means a hand delivery to Philadelphia with a single piece of paper right you know 1159 right to make sure that my clients rights have been preserved and Unfortunately what happened here is the plaintiff simply assumed that 23 F Tolls is told like rule 4 and that just there's no case law in this circuit, and there's no case law That an untimely motion Anywhere tolls a 23 F petition so however you view this application if you were to conclude that this particular motion for reconsideration Told the rule 23 F petition time that would be unprecedented I find no published decision anywhere that allows that and you'd be going beyond I respectfully submit what the Supreme Court is authorized in the rules and in the case law  Your honor you asked Didn't judge Walls say there was an absence of an explicit policy That they referred to the failure proof was much more fundamental than that and judge Walls spelled this out in his original decision and in his decision on the motion for reconsideration The failure was fundamental the plaintiffs failed to identify any HR policy at the subsidiary level That was excessively subjective they failed to identify a single HR practice at the headquarters in Brunswick level That was common to the entire putative class and they failed to link their statistics To any source of alleged discrimination, so they're basically three fundamental failures in the plaintiffs proof And judge you mentioned That if you were inclined to grant the petition you have a lot of discretion Well, I think the the Newton case decided by this court says that if you're going to do the merits of the district courts decision That's an abuse of discretion standard one of the plans like to make to the court is If the court were inclined to grant the petition There are additional arguments in support of affirming the district court that we would make Specifically we don't believe that the plaintiffs could satisfy rule 23d the Allison standard which has been adopted in this circuit That was something judge wall You don't feel yourself as really being here on the merits at this that's exactly correct and there are additional arguments We would make if we were So those are the those are the points that I'd like to make and if there any other questions, I'll sit down Mr. Johnson, thank you very much. Thank you Miss Kukons I Could just ask you one quick policy question So if we if we allow tolling suppose we reach that issue What what could we do then to prevent cases from languishing? But let's say we decide that part of the idea behind this 10-day limit is there's things should be done in a reasonably Expedited fashion if we allow tolling what could we do to keep these things from languishing in the district court while they reconsider? Go over everything in detail. Is there anything we could do? Well, I have I have two points. I think your honor in response to that one is that it's inherent in the nature of the structure of how the appellate timelines work as long as Reconsideration is part of the process. You're going to have more extended appellate timelines The benefit of that is that you should get the cases in a better posture or perhaps fewer of them And so balancing those those equities we think balance is in favor of allowing reconsideration Which is which is very commonly permitted if you're extremely concerned about this problem, you know, I certainly know that that you have Discretion in terms of Of the appeals that you hear. I don't know if there's a way to To balance it in that way, but we think that you what happened here was actually quite quick We proceeded within Within 10 days the court we proceed with our briefing within a couple of weeks the cases That you have been pointed to are trying to resurrect claims months, you know more than a year after the fact That's not what's at issue here and I also want to make clear that And I don't believe that my my opponent has actually answered this question. He has a preserved objection on the wrong rule We we agree that he properly preserved his objection with respect to rule 23s 10 day time period We believe he waived his objection with respect to any time limits in the district court on the filing of the motion for reconsideration And in fact, if you look at the briefing in this case You know They acknowledged that it was a consent motion that the just they even Acknowledged the district court had the authority and the local rules to extend that time And you know it would have been a simple matter to put the objection in the record as the time limits at the time and that was not done and While there's no published case on the issue of 23 F We have a published case exactly on point from the Sixth Circuit with respect to rule 59 e and we think there's no reason not to apply it here. I Just also want to make one one more brief point with respect to the the merits of this case, which we think That are before this court and the court can can and should engage Because the the issue here is very important and I would point the court to the to the amicus brief that was found in this case the question of what kind of Theory is a viable class-wide challenge in a title 7 class action case is an important question To allow plaintiffs to proceed against the decisions of the corporation as a whole without having to go into merits level trial level proof about the details of implementation that policy is Is extremely important and you know contrast how Judge Walsh viewed this case with how the special master on discovery Judge Politan viewed this case and early on he said Plaintiffs have brought a class action against Johnson & Johnson not against Ethicon Incorporated or J&J Services Incorporated it bears repeating the defendant in this matter is the parent company Johnson & Johnson And that what is it issued our policies practices and procedures implemented by or at the direction of or in the absence of any direction? Whatsoever from the parent company Johnson & Johnson that was based on It's good guys, I thank you very much your time This case was indeed very well argued and we appreciate the information we got from counsel all around Thank you very much. We'll take the case under advisement court will adjourn